JEFFERSON CIRCUIT COURT
DIVISION
CASE NO.

18CIO1027

E.B.                                                                                    PLAINTIFF

v.                    **PLAINTIFF'S FIRST VERIFIED COMPLAINT**

**KENNETH BETTS**
Individually, and in his official capacity

> Serve:  700 Vawter Lane
>            Shelbyville, KY 40065

**CURTIS FLAHERTY**
Individually and in his official capacity

> Serve:  12306 Saratoga View Court
>            Louisville, KY 40299

**CITY OF LOUISVILLE, JEFFERSON COUNTY/
LOUISVILLE CONSOLIDATED GOVERNMENT**

> Serve: Mayor Greg Fischer
>            527 W. Jefferson Street, 4th Floor
>            Louisville, KY 40202

**LINCOLN HERITAGE COUNCIL, INC.
BOY SCOUTS OF AMERICA**

> Serve: Jason Pierce, Registered Agent
>            12001 Sycamore Station Place
>            Louisville, KY 40299

**THE BOY SCOUTS OF AMERICA**
P.O. Box 152079
Irving, TX 75015-2079

> Serve: SECRETARY OF STATE
>            700 Capitol Avenue, Suite 86
>            Frankfort, KY 40601

FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK

FEB 19 2018

BY _____
            DEPUTY CLERK

1

**LEARNING FOR LIFE, INC.**

   Serve: Jim Mullen, Registered Agent
       12001 Sycamore Station Place
       Louisville, KY 40299

**LEARNING FOR LIFE LINCOLN CHAPTER, INC.**

   Serve: Clint Scharff, Registered Agent
       12001 Sycamore Station Place, Ste. A
       Louisville, KY 40299

**UNKNOWN OFFICERS OF LOUISVILLE
METRO POLICE DEPARTMENT
Individually, and in their respective official capacity**

**UNKNOWN EMPLOYEES, AGENTS
AND/OR SERVANTS OF
CITY OF LOUISVILLE/
JEFFERSON COUNTY/LOUISVILLE CONSOLIDATED
GOVERNMENT
Individually, and in their respective official capacity**

**UNKNOWN EMPLOYEES, AGENTS
AND/OR SERVANTS OF
LINCOLN HERITAGE COUNCIL, INC.,
BOY SCOUTS OF AMERICA
Individually, and in their respective official capacity**

**UNKNOWN EMPLOYEES, AGENTS
AND/OR SERVANTS OF
THE BOY SCOUTS OF AMERICA
Individually, and in their respective official capacity**

**UNKNOWN EMPLOYEES, AGENTS
AND/OR SERVANTS OF
LEARNING FOR LIFE, INC.
Individually, and in their respective official capacity**

**UNKNOWN EMPLOYEES, AGENTS
AND/OR SERVANTS OF
LEARNING FOR LIFE LINCOLN CHAPTER, INC.
Individually, and in their respective official capacity**     **DEFENDANTS**

**\* \* \* \* \* \* \* \* \* \* \***

2

Comes now the Plaintiff, E.B.[1] (hereinafter "Plaintiff" or "E.B.") by counsel, and for his First Verified Complaint against the Defendants states as follows:

### PARTIES, VENUE & JURISDICTION

1.     Plaintiff E.B. is, at present, an adult resident of Louisville, Jefferson County, Kentucky.

2.     In 2010-2013, Plaintiff, was under the supervision and authority of Defendants, by virtue of his participation in the Louisville Metro Police Explorer Program (hereinafter "Explorers" or "Youth Explorers" or "LMPD Explorers"). During that time, Plaintiff was a victim of sexual assault and other sexual misconduct and other various causes of action and harms caused by the acts and/or omissions of Defendants in their respective individual and/or official capacities.

3.     This is an action for damages under 42 U.S.C. § 1983, 20 U.S.C. § 1981, the United States Constitution and the Kentucky Constitution, including but not necessarily limited to Sections 1 and 2 thereof, for violations of Plaintiff's Constitutional rights as well as violations of state statutory and/or common law arising from the misuse of state or governmental power by officials of the Louisville Metro Police Department and the City of Louisville in the Explorer's Program as well as private actors. Certain violations, which were undertaken under color of state law, resulted in the serious physical and emotional injury, without cause, to the Plaintiff, which were the direct and proximate result of the actions or inactions of Kenneth Betts and Curtis Flaherty as Louisville Metro police officers working in the LMPD Explorer's Program and others as discovery may reveal. Curtis Flaherty, acting in his capacity as a police officer for the City of Louisville, it is

---

[1] Plaintiff proceeds here under a pseudonym due to the fact that this case involves allegations of sexual assault and abuse. This is consistent with the opinion in *Cape Publ'n v. City of Louisville,* 147 S.W.3d 731, 736 (Ky. Ct. App. 2003) and is done herein to protect the privacy and safety of the Plaintiff. Plaintiff will provide his full name and identifying information to all Defendants under separate, confidential cover. Further, it is believed all Defendants will be aware of Plaintiff's identity based on the particular allegations in his Complaint and will suffer no prejudice if Plaintiff proceeds in this case using a pseudonym. If needed, Plaintiff will seek other appropriate relief from the Court to continue to proceed in this fashion and to otherwise protect his anonymity throughout the instant litigation.

3

believed, supervised the Explorer's Program at the time Plaintiff was a participant and supervised Defendant Kenneth Betts. Kenneth Betts, acting in his capacity as a police officer for the City of Louisville, engaged in acts of sexual misconduct described herein with the full knowledge and approval of the City of Louisville, Flaherty, Learning for Life, Inc., Boy Scouts of America, Lincoln Heritage Counsel, and Learning for Life Lincoln Chapter Inc., all of which failed to act to protect the Plaintiff from a known and obvious harm, with deliberate indifference to his Constitutional rights. It is believed Defendants were aware of the sexual misconduct perpetrated by Betts upon other Explorers, prior to his sexual assault of E.B., yet failed to take any action to prevent or remedy it. Plaintiff seeks redress for the violations of his civil rights, as well as damages for his physical and emotional pain and suffering, physical and mental abuse, humiliation, embarrassment, consequential damages, actual damages, punitive damages, attorneys' fees, recovery of costs and all damages flowing from the negligent, reckless, egregious, callous, intentional, deliberate or otherwise tortious or illegal acts specified below.

4.     Plaintiff was the victim of sexual assault, intimidation, embarrassment, solicitation, and other sexual misconduct and harms caused by the acts and/or omissions of Defendants in their respective individual and/or official capacities, most of which acts and/or omissions took place in Jefferson County, Kentucky.

5.     Due to the nature and sensitivity of the allegations, the Plaintiff elects to proceed utilizing his initials in order to keep his identity confidential, under pseudonym as the case involves allegations of sexual assault.

6.     Plaintiff's claim for damages exceeds the jurisdictional limits of this Court.

7.     Original venue of this action rests in Jefferson County, Kentucky, under applicable Kentucky venue statutes.

4

8.    Defendant KENNETH BETTS ("Betts") is a United States Citizen and was at the time of the events set out herein an adult resident of Louisville, Jefferson County, Kentucky. Defendant Betts was an individual who served as a member of the Louisville Metro Police Department during certain periods applicable to the allegations contained in this Complaint. At all relevant times hereto, Defendant Betts was an employee, servant, and/or agent of the City of Louisville and Louisville Metro Police Department, acting within the course and scope of his employment on behalf of said department. All acts committed by Defendant Betts were done under color of the laws of the Commonwealth of Kentucky and under the authority of his position with the Louisville Metro Police Department. Defendant Betts is named and sued in his official and individual capacities.

9.    Defendant CURTIS FLAHERTY ("Flaherty" or "Major Flaherty") is a United States Citizen and an individual who, during certain periods applicable to the allegations contained in this Complaint, served as Major in the Louisville Metro Police Department. At all relevant times hereto, Defendant Flaherty was an employee, servant, and/or agent of the City of Louisville and the Louisville Metro Police Department, acting within the course and scope of his employment, and was a supervisor in the Explorer's Program, and therefore responsible for setting and establishing policy, modifying policy, setting and establishing and enforcing the rules of the Program, establishing discipline within the Program, disciplining his officers, training his officers, and generally ensuring that they were properly trained and supervised in all aspects of their duties and responsibilities as law enforcement officers. All acts committed by Defendant Flaherty were done under color of the laws of the Commonwealth of Kentucky and under the authority of his position. Defendant Flaherty is named and sued in his individual and official capacities.

5

10. Defendant CITY OF LOUISVILLE / JEFFERSON COUNTY / LOUISVILLE CONSOLIDATED GOVERNMENT ("Louisville") is a municipal corporation existing within Jefferson County, Kentucky, operating under the color of law with the capacity to sue and be sued, and, at all times pertinent hereto, Defendant LOUISVILLE has employed, authorized and/or empowered to act on its behalf the Defendant Kenneth Betts and Defendant Curtis Flaherty and other unknown employees, agents and/or servants. Defendant LOUISVILLE created, and, at all times relevant hereto, operates and maintains a police department known as the LOUISVILLE METRO POLICE DEPARTMENT. The City is a "person" subject to suit, claims and liability under 42 U.S.C. § 1983 and 20 U.S.C. § 1981, as amended.

11. LOUISVILLE METRO POLICE DEPARTMENT ("LMPD" or "Louisville Metro Police Department") is a police department (agency) existing within Jefferson County, Kentucky, created by Defendant LOUISVILLE, and at all times relevant hereto, LMPD has employed, authorized and/or empowered to act on its behalf the Defendant Kenneth Betts and Defendant Curtis Flaherty and other unknown employees, agents and/or servants.

12. At all material times, Defendant LOUISVILLE operated the Louisville Metro Police Youth Explorer's Program through the LMPD. LMPD operates and maintains the Louisville Metro Police Explorer's Program (also known as "Youth Explorer's" "Explorer's Program" "Louisville Metro Explorer's Program" and the "LMPD Explorers") in partnership with the Defendants LINCOLN HERITAGE COUNSEL, BOY SCOUTS OF AMERICA, LEARNING FOR LIFE, INC. and LEARNING FOR LIFE LINCOLN CHAPTER, INC.

13. Defendant LEARNING FOR LIFE, INC. is a foreign, non-profit corporation. LEARNING FOR LIFE, INC., has national offices in Irving, Texas and was present and doing business in the Commonwealth of Kentucky at all times relevant times set forth herein.

14.    Defendant LEARNING FOR LIFE, INC., (hereinafter "LFL") operates the Explorer's Program nationwide, through a program called "Exploring". "Exploring" is an interactive career education program for 10-20 year olds. Defendant Boy Scouts of America created the Learning for Life character education curriculum in 1991, that could be facilitated by educators in the classroom. Learning for Life was considered a subsidiary of the Boy Scouts of America. In 1998, Exploring functioned as a career education program and was subsequently shifted to the Learning for Life program. Defendant LEARNING FOR LIFE, INC., functions as an affiliate of the Boy Scouts of America and it is believed, helps administer and supervise the Louisville Metro Explorer's Program.

15.    Defendant LEARNING FOR LIFE LINCOLN CHAPTER, INC. (hereinafter "LFLLC") is a non-profit Kentucky Corporation, whose purpose is career education and exposure. It is believed LEARNING FOR LIFE LINCOLN CHAPTER, INC., is a functional affiliate of the Boy Scouts of America, the local chapter of "Learning for Life", described in the previous paragraph, and helps administer and supervise the Louisville Metro Explorer's Program.

16.    Defendant BOY SCOUTS OF AMERICA ("BSA") is a national organization federally chartered under Title 36 of the United States Code, one of the rare "Title 36" corporations in the United States, and is authorized to do business in Kentucky. The BSA has national offices in Irving, Texas and was present and doing business in the Commonwealth of Kentucky at all times relevant times set forth herein.

17.    At all times relevant hereto, Defendant BSA has employed, authorized and/or empowered to act on their behalf the Defendants Lincoln Heritage Council, LFL, LFLLC, LOUISVILLE through the LMPD and/or their agents, Defendant Kenneth Betts, Defendant Curtis Flaherty and other unknown employees, agents and/or servants.

7

18.    Defendant LINCOLN HERITAGE COUNCIL, INC., BOY SCOUTS OF AMERICA ("LHC") is a non-profit Kentucky corporation, originally incorporated in 1916, registered in good standing with the Kentucky Secretary of State, and presently doing business in Jefferson County, Kentucky.

19.    Upon information and belief, Defendant LHC is, and was at the time of all events set forth herein a local council charted with jurisdiction over a prescribed geographical area including Jefferson County, Kentucky, operating under the actual and apparent control of Defendant BSA, and was at all material times the actual or apparent agent of Defendant BSA.

20.    At all times relevant hereto, Defendant LHC has employed, authorized, and/or empowered to act on their behalf the Defendant Kenneth Betts and Defendant Flaherty and other unknown employees, agents and/or servants as their apparent or actual agents, and was at all material times the actual or apparent agent of Defendant BSA.

21.    At all times relevant hereto, Defendant LFL, has employed, authorized and/or empowered to act on their behalf the Defendant Kenneth Betts and Defendant Flaherty and other unknown employees, agents and/or servants as their apparent or actual agents.

22.    At all times relevant hereto, Defendant LFLLC, has employed, authorized and/or empowered to act on their behalf the Defendant Kenneth Betts and Defendant Flaherty and other unknown employees, agents and/or servants as their apparent or actual agents.

23.    It is believed Defendants LOUISVILLE through LMPD, BSA, LHC, LFL and LFLLC, receive federal funding and financial assistance within the meaning of 20 U.S.C. §§ 1681 (a) and are otherwise subject to Title IX. Title IX is a comprehensive federal law that prohibits discrimination on the basis of sex in any federally funded education program or activity. Title IX applies to all aspects of federal funded educational programs or activities. In addition to traditional

8

educational institutions such as colleges, universities, elementary and secondary schools, Title IX also applies to any education or training program operated by a recipient of federal financial assistance.

24.     This Court has concurrent jurisdiction of all federal claims brought in this action pursuant to the Supreme Court of the United States' ruling in *Yellow Freight Sys. V. Donnelly*, 494 U.S. 820, 822 (1990).

25.     Defendants, individually and in conspiracy with one another, engaged in the conduct described below under color of law in the Commonwealth of Kentucky and the City Louisville, Kentucky.   The offenses described below resulted from the failure of Defendants to employ qualified person(s) for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such person after their employment and/or provide conditions that meet constitutional standards, and/or to promulgate appropriate operating policies and procedures either formally or by custom and practice to protect the Constitutional rights of citizens of the Commonwealth of Kentucky, including participants in the Explorer's Program.  Alternatively, said offenses resulted from the affirmative conscious and deliberate and intentional conduct on the part of the Defendants, individually or in conspiracy with one another, either in committing the sexual misconduct described below and/or in failing to report said illegal conduct to the appropriate authorities and/or to take such actions, within their authority and power, which would have stopped or ameliorated said conduct and harm to the Plaintiff caused thereby.  Defendants' conduct was intentional or grossly negligent, and was indicative not only of deliberate indifference to, but active malice and a total and reckless and/or callous disregard for the Constitutional and common law rights of Plaintiff, justifying an award of punitive damages in addition to the actual damages which Plaintiff is entitled to recover.

26.     At all times relevant herein, the Defendant Betts and Defendant Flaherty acted under color of state law, and the illegal conduct identified herein involved the acts or omissions of state officials or public employees acting in their official capacities or exercising (or purporting to exercise) official or state authority.

## BASIC ALLEGATIONS

27.     Plaintiff incorporates herein by reference each of the foregoing paragraphs as if fully copied and set forth below and further states:

28.     Defendant LOUISVILLE through LMPD retained the right to control, and had actual and apparent control of the means, methods, and physical details of Explorer's Program staff in the performance of their duties.

29.     Defendant LOUISVILLE through LMPD invited boys and girls from ages 14-19, including Plaintiff, to participate in the Explorer's Program and enter into a commercial relationship, which included paying fees, and making required purchases, and the performance of extensive community service, in exchange for participating in the Youth Explorer's Program.

30.     Defendant LEARNING FOR LIFE, INC., operates and sanctions police explorer programs throughout the United States, including the Explorer's Program run by LMPD and LOUISVILLE through a program called "Exploring". It is believed that all persons, including minors, who participate in the police explorer programs, including the Plaintiff in this case, are required to apply to LEARNING FOR LIFE, INC. for membership and pay annual membership dues that are used in part by LEARNING FOR LIFE, INC. to pay for general liability insurance for all injuries to Explorers occurring during Explorer-related activities. It is believed that all adult volunteers, including Defendants Betts and Flaherty and other officers of the LMPD, were required by LEARNING FOR LIFE, INC., as a condition of participating in Explorer activities, to register

10

with, and engage in training from, and receive certification from LEARNING FOR LIFE, INC. Defendant LEARNING FOR LIFE LINCOLN CHAPTER, INC. is believed to be the local chapter of the national LFL organization and therefore has control and/or influence over the local Explorer's Club.

31.    Explorer's Clubs, through Exploring.org, which is run through Defendants BSA and LEARNING FOR LIFE, INC., are career education programs which were created in response to the U.S. Department of Education's emphasis on career education.  It is believed many of the Explorers in Louisville signed up through their schools and the purpose of the program was for career education.  Therefore, it is believed that Defendants LOUISVILLE, BSA, LFL, LFLLC and LHC received federal funding for this educational program and therefore are subject to the requirements of Title IX of 20 U.S.C. §§ 1681 (a).

32.    It is believed that Defendants LFL and LFLLC, which operate the police explorer's programs nationwide (LFL) as well as in Louisville (LFLLC) have long known that underage Explorers are at risk of being sexually molested by the police officers who are supposed to be teaching them about police work.  Because of this, extensive policies have been created by LEARNING FOR LIFE, INC., which are required to be agreed to by any police department chartering a police explorer post.  LEARNING FOR LIFE, INC., however has either taken no action or inadequate action to ensure police departments adhere to the sexual abuse policies that have been agreed.  As a result, police departments with police Explorer posts around the country have routinely allowed violations of sexual abuse policies, including the LMPD.  LEARNING FOR LIFE, INC. has been informed through media reports and lawsuits of other police departments' routine violations of the child sexual abuse prevention policies, and that such violations have led to underage police Explorer participants being

11

sexually molested. Despite LEARNING FOR LIFE INC.'S awareness for many years of this problem, LEARNING FOR LIFE INC., has taken no action or inadequate action to ensure police department explorer programs enforce their rules designed to prevent underage Explorers from being sexually abused while participating in the program.

33.    It is believed that Defendant LOUISVILLE through LMPD also created a relationship of trust and confidence with Plaintiff by inviting him to participate in Explorer meetings, "ride-alongs" (which were used as rewards to youth cadets to induce certain behavior) with officers, trips to other Youth Explorer camp locations in and outside of Jefferson County, under the care, supervision, and control of Defendants, acting *in loco parentis* to Plaintiff during activities such as trips, (some of which were in-state and some of which were out of state), and undertaking responsibility for the safety of Cadets and delegating that responsibility to Explorer's Program officers and/or volunteers acting under Defendants' control.

34.    Defendant Betts was employed by LOUISVILLE through LMPD and was on duty at all times relevant, including when he sexually abused Plaintiff. Defendant Betts in all of his interactions with Explorers and for the LMPD Explorer's Program acted also as an agent for Defendants LFL, BSA, LHC and LFLLC. It is believed, the LMPD through LOUISVILLE entered into a charter agreement with LFL, BSA, LHC and LFLLC to allow operation of a police explorer program through the LMPD.

35.    Defendant Flaherty was employed by LOUISVILLE through LMPD and was on duty at all times relevant, including when allowed his subordinate, Defendant Betts, to sexually abuse the Plaintiff. Defendant Flaherty in all of his interactions with Explorers and for the LMPD Explorer's Program acted also as an agent for Defendants LFL, BSA, LHC and LFLLC. It is

believed, the LMPD through LOUISVILLE entered into a charter agreement with LFL, BSA, LHC and LFLLC to allow operation of a police explorer program through the LMPD.

36.    Defendant LOUISVILLE through LMPD approved, trained, supervised, and maintained the right of control, actual control, and apparent control over adult Explorer's Program employees and volunteers and paid or otherwise gave tangible benefits to officers, employees, and citizens affiliated with the program and/or serving in voluntary capacities.

37.    Defendant LOUISVILLE through LMPD approved, trained, supervised, and maintained the right of control, actual control, and apparent control over adult Scout volunteers (including Explorer's Program staff members known as "Boy Scout Leaders" "Scoutmasters" and "Assistant Scoutmasters") and paid Scout employees ("Scouters"), or otherwise gave tangible benefits to officers, employees and citizens affiliated with the program and/or serving in voluntary capacities.

38.    Defendant LOUISVILLE through LMPD authorized and empowered Defendant Betts to perform all the duties of a staff member of the Explorer's Program including but not limited to: providing instruction, counseling, and physical supervision of Cadets; educating Cadets in character-building, obedience, and various other life skills, mentoring and befriending Cadets; and enforcing rules governing Cadets' participation in the Explorer Program.

39.    Defendant LOUISVILLE through LMPD knew that, as part of his duties and expectations as a staff member of the Explorer's Program, as well as a Scouting Leader, Defendant Betts would be in a position of trust, confidence, respect, and authority over Cadets, serving as their guide and guardian, and as an authority figure in their chain of command.

40.    Upon information and belief, Defendant Betts' authorized duties and activities as an officer staff member of the Explorer's Program, and/or as a troop leader led to and resulted in

13

Defendant Betts sexually harassing, assaulting, and soliciting sexual photographs as well as sex and transmitting sexual material to Plaintiff between approximately 2010-2013.

41.     Defendant Betts led Plaintiff and other Cadets in activities, including Explorer meetings, jogging, trips, ride-alongs, and community service under the control of the Explorer's Program, and as youth explorers who were transported to and participated in the Kentucky Law Enforcement Explorer Academy (KLEEA), in conjunction with Campbellsville University and the Kentucky State Police as well as the national Explorer's conference in Colorado.

42.     Upon information and belief, Defendant Betts intimidated, stalked, harassed, invaded the privacy of the Plaintiff, and ultimately sexually assaulted E.B., on one occasion in Colorado in 2012, during the course of the Explorer's conference that summer, which involved him performing oral sex on E.B.  Additionally Betts engaged in sexual harassment, stalking, harassing and repeated requests for the Plaintiff to transmit or accept nude photographs, and harassing and repeated requests for Plaintiff to engage in sexual activities.

43.     It is believed that years prior to Defendant Betts sexually assaulting Plaintiff, he had assaulted other Explorers, including minors, yet no action was taken by any of the Defendants with supervisory authority including but not limited to Louisville Metro, Flaherty, LHC, BSA, LFL and LFLLC to prevent future sexual assault by Defendant Betts against participants in the Explorer's Program.

44.     Upon information and belief, by the time Plaintiff joined the Explorer's Program as a Cadet, and in affiliation with the Boy Scouts, Defendants BSA, LHC, LFL, and LFLLC knew that Louisville Metro Police Department Explorer agents and/or Boy Scout agents posed a danger to program participants because there had been a longstanding, consistent, and problematic history with advisors sexually abusing Youth Explorer cadets.  For

14

example, in 1995 a police officer on the LMPD police force was terminated when it was discovered he had engaged in sexual behavior with a minor who was entrusted to him while in the Louisville Police Department's Law Enforcement Program.

45.    Had Plaintiff been made aware of the sexual abuse and sexual harassment issues that had been ongoing in the Explorer's Program for years prior to his entry into the program, he would have never joined in the first place.  Defendants' failure to adequately address, expose and prevent the sexual abuse in the program resulted in numerous additional Explorers signing up in the program, being possibly subjected to sexual assault and abuse at the hands of Explorer advisors such as Defendant Betts.  But for the Defendants' cover-up and failure to be candid about the sexual abuse, Plaintiff would not have signed up for the Explorer's Program.  If Plaintiff had known about Defendant Betts' sexual propensities and pattern of abusing previous Explorers, he would have never put himself in a position to be sexually abused by way of participating in the program.  Defendants' fraudulent representations induced Plaintiff to participate in the program and through the program, Plaintiff was sexually assaulted by Betts.  Therefore, Defendants' fraudulent representations are the but for cause of Plaintiff ultimately being sexually assaulted and harassed in the program.

46.    As a result of Defendants' wrongful conduct, Plaintiff was sexually assaulted and harassed by Defendant Betts, and suffered in the past, suffers in the present, and will suffer in the future physical and psychological injuries, including, but not limited to depression, anxiety, shame, guilt, distrust of authority, interpersonal relationship problems, and loss of self-esteem.

47.    As part of his duties as an Explorer's Program staff member, Defendant Betts used his position to gain the trust and confidence of Plaintiff, and additionally or alternatively threatened, intimidated and harassed him.

48.    Defendant Betts performed his duties as an Explorer's Program staff member in connection with his agency relationship with Defendants LOUISVILLE through LMPD, the BSA, LHC, LFL, and LFLLC, within the time and space limits of his agency; out of a desire, at least partially and initially, to fulfill his agency duties as an Explorer's Program staff member, and his duties generally were of a kind and nature that Defendants Betts was required to perform as an Explorer's Program staff member.

49.    Defendant Betts performed his duties as a scout leader in connection with his agency relationship with Defendants LOUISVILLE through LMPD, BSA, LHC, LFL, and LFLLC, within the time and space limits of his agency; out of a desire, at least partially and initially, to fulfill his agency duties as a scout leader, and his duties generally were of a kind and nature that Defendant Betts was required to perform as a Boy Scout leader.

50.    Upon information and belief, Defendants, with knowledge of prior allegations of sexual abuse in the Scouts willfully, negligently, recklessly, callously, with outrageous indifference to a highly unreasonable risk of harm and with conscious indifference to the health, safety, and welfare of Plaintiff suppressed, hid, fraudulently concealed, and caused allegations of sexual abuse to remain undiscovered, and for investigation and prosecution of said conduct, to be ignored, thereby causing some statutes of limitations to potentially expire and to avoid embarrassment, and to protect their respective agents and organizations.

51.    Upon information and belief, the Defendants, with knowledge of prior allegations of sexual abuse in the Explorer's Program willfully, negligently, recklessly,

callously, with outrageous indifference to a highly unreasonable risk of harm and with conscious indifference to the health, safety, and welfare of Plaintiff suppressed, hid, fraudulently concealed, and caused allegations of sexual abuse to remain undiscovered, and for investigation and prosecution of said conduct, to be ignored, thereby causing some statutes of limitations to potentially expire and to avoid embarrassment, and to protect their respective agents and organizations.

52.    Upon information and belief, Defendants had knowledge of prior allegations of sexual abuse in the Explorer's Program and they willfully, negligently, recklessly, callously, with outrageous indifference to a highly unreasonable risk of harm and with conscious indifference to the health, safety, and welfare of Plaintiff suppressed, hid, fraudulently concealed, and caused allegations of sexual abuse to remain undiscovered, and for investigation and prosecution of said conduct, to be ignored, thereby causing some statutes of limitations to potentially expire and to avoid embarrassment.

53.    Defendant LOUISVILLE, including its police department, LMPD and Defendants Kenneth Betts and Curtis Flaherty individually and/or in concert with each other, both individually and in official capacities, committed acts under color of state law which deprived Plaintiff of his rights, privileges and immunities secured by the Fourteenth Amendment to the Constitution of the United States and/or such other Amendments as may be applicable to the facts alleged herein as well as the Kentucky Constitution, such acts being more specifically stated herein.

54.    At all times and for all acts stated herein, Defendant Betts and Defendant Flaherty acted individually and in their official capacities a police officers of the LMPD for the city of Louisville.

17

55.     Defendants LOUISVILLE and Flaherty failed to institute any (or adequate) policies, customs or practices or to employ qualified persons, or to properly train or supervise its officers and its employees or investigate complaints by the public to prevent or alleviate conditions such as those set forth herein.  Their actions and/or inactions have exhibited a deliberate indifference to the Constitutional rights of the citizens of the city of Louisville generally, and to the Plaintiff, more specifically, as alleged more fully below.

**COUNT I**
**ASSAULT, SEXUAL ASSAULT, SEXUAL HARASSMENT, BATTERY-DEFENDANT**
**BETTS**

56.     Plaintiff incorporates herein by reference each of the foregoing paragraphs as if fully copied and set forth below and further states:

57.     Upon information and belief, in 2012 Plaintiff was sexually assaulted at the Colorado Explorer's convention, as well as enticed, threatened, intimidated and coerced at various locations, premises and locations owned and/or managed by the Defendant Betts, and the various other Defendants, and/or their agents, employees and/or servants.

58.     Defendant Betts was much older and was responsible for supervising, training, counseling, and monitoring and was in a position of authority over the Plaintiff on all days in question.

59.     Upon information and belief, while at various locations, including but not limited to property owned or managed by the Defendants, vehicles owned or managed by the Defendants, the  Defendant Betts solicited sex, attempted to induce sexual acts through electronic transmission or communication, and fraudulently concealed evidence of the conduct.

60.     Upon information and belief, the aforesaid assault included unwanted sexual touching, through force, by Defendant Betts.

61.    Defendant Betts' sexual assault of Plaintiff constituted a harmful or offensive touching of Plaintiff to which Plaintiff did not consent because he felt under duress due to Betts' actions and due to Betts' position of power and authority as a police officer.

62.    That the aforementioned conduct constitutes sexual assault, assault, battery and sexual harassment.

63.    As a proximate result of said sexual assault, assault, battery and sexual harassment, Plaintiff incurred the damages described herein.

## COUNT II
## VICARIOUS LIABILITY-DEFENDANTS LOUISVILLE, FLAHERTY, BSA, LHC, LFL AND LFLLC

64.    Plaintiff incorporates herein by reference each of the foregoing paragraphs as if fully copied and set forth below and further states:

65.    Defendants authorized and empowered Defendant Betts to act as an agent, employee and/or servant of LMPD. Upon information and belief, during the aforesaid time period Plaintiff was a member of the "Louisville Metro Youth Explorer's Program" as part of the "Learning for Life" program partnered/affiliated with the LHC and BSA, through LFL and LFLLC, under the supervision, training and authority of the Defendants Flaherty, BSA, LHC, LOUISVILLE through LMPD, LFL and LFLLC.

66.    Upon information and belief at all times relevant hereto, Defendant Betts acted in all of his activities related to the Louisville Metro Explorer's Program at the direction, and with the approval of, Defendant LOUISVILLE through LMPD and Defendant Flaherty and in all of his activities related to the LMPD and/or the Louisville Metro Explorer's Program, at the direction, with the approval of Defendants, under the supervision, control and/or guidance of each Defendant respectively.

67.    Defendants BSA, LHC, LFL and LFLLC employed, authorized and/or empowered to act on their behalf the Defendant Betts to act as an agent and/or servant of BSA, LHC, LFL and LFLLC.

68.    Upon information and belief at all times relevant hereto, Defendant Betts acted at the direction of and with the approval of Defendants LHC, BSA, LFL, LFLLC and in all of his activities related to BSA, LHC, LFL and LFLLC at the direction and with the approval of BSA, LHC, LFL, LFLLC.

69.    That Defendants are vicariously liable for the actions of their employee, agent and/or servant, Defendants Betts and/or other unknown employees, agents and/or servants because they knew or should have known of the sexual propensities, and/or knew or should have known of the sexually abusive nature of the conduct and the allegations of harm perpetrated upon the Plaintiff.

**COUNT III**
**NEGLIGENT HIRING, ENTRUSTMENT, TRAINING, SUPERVISION, AND/OR RETENTION-DEFENDANTS LOUISVILLE, FLAHERTY, BSA, LHC, LFL AND LFLLC**

70.    Plaintiff incorporates herein by reference each of the foregoing paragraphs as if fully copied and set forth below and further states:

71.    Defendants knew or should have known of the sexually abusive allegations and the risk of danger created by Defendant Betts and by that action, inaction, and/or omission caused harm to the Plaintiff.

72.    As a direct and proximate result of the negligence and/or failure of Defendants LOUISVILLE through LMPD, Flaherty, BSA, LHC, LFL and LFLLC to properly screen, train, supervise and/or otherwise oversee Defendant Betts and/or other unknown employees, agents and/or servants, whom Defendants knew, or reasonably should have known, to be engaging in, or

having a history of sexual abuse, Defendants LOUISVILLE through LMPD, Flaherty, BSA, LHC, LFL and LFLLC authorized and empowered Defendant Betts, and/or other unknown employees, agents and/or servants, to continue acting as employees, agents and/or servants, which resulted in Plaintiff, and other victims potentially, being sexually assaulted, and/or abused by Defendant Betts and/or other unknown employees, agents and/or servants, in the manner described.

73.    As a direct and proximate result of the negligence and/or failure of Defendants LOUISVILLE through LMPD, Flaherty, BSA, LHC, LFL and LFLLC to properly screen, train, supervise and/or otherwise oversee Defendant Betts, and/or other unknown employees, agents and/or servants, whom Defendants knew, or reasonably should have known, to be engaging, or having a history of sexual abuse, Defendants LOUISVILLE through LMPD, Flaherty, BSA, LHC, LFL and LFLLC authorized and empowered Defendant Betts and/or other unknown employees, agents and/or servants, to continue acting as employees, agents and/or servants, which resulted in Plaintiff and potentially others being sexually abused by the employees, agents and/or servants of the Defendants, in the manner described.

**COUNT IV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-ALL DEFENDANTS**

74.    Plaintiff incorporates herein by reference each of the foregoing paragraphs as if fully copied and set forth below and further states:

75.    That the aforementioned conduct was done by Defendants deliberately with the goal of causing extreme emotional distress to the Plaintiff and/or was done with reckless indifference to the Plaintiff's rights and well-being, and/or with gross negligence, and/or negligently.

76.    That the conduct was designed to abuse, intimidate and/or otherwise degrade and/or control the Plaintiff, and to coerce, threaten, and intimidate the Plaintiff into silence and non-disclosure of information embarrassing to the Defendants.

77.    That the conduct was so outrageous and intolerable as to offend generally accepted standards of morality and decency.

78.    As a direct and proximate cause of the aforementioned conduct, severe emotional distress was inflicted on Plaintiff, with knowledge by Defendants that said conduct would cause such injuries.

79.    As a direct and proximate cause of the aforementioned conduct, severe pain was inflicted on Plaintiff, with knowledge by Defendants that said conduct would cause injuries.

## COUNT V
## NEGLIGENCE-ALL DEFENDANTS

80.    Plaintiff incorporates herein by reference each of the foregoing paragraphs as if fully copied and set forth below and further states:

81.    Defendants knew of the aforementioned wrongful conduct, as well as the history of sexual abuse in BSA and the Explorer Program.    Upon learning of the wrongful conduct, Defendants should have immediately began an investigation as well as put safeguards in place to protect Plaintiff's interests, as well as other Cadets.

82.    Defendants failed to take reasonable steps to investigate and/or put safeguards in place, breaching their duty to Plaintiff.

83.    As a proximate result of said negligence, Plaintiff incurred the damages described herein.

## COUNT VI
## FRAUD BY OMISSION/DUTY TO DISCLOSE-ALL DEFENDANTS

84.    Plaintiff incorporates herein by reference each of the foregoing paragraphs as if fully copied and set forth below and further states:

22

85.     That the Defendants had a duty to Plaintiff and the general public to disclose their knowledge of sexual abuse in BSA and the Explorer Program.

86.     Upon information and belief, Defendants BSA, LHC, LFL and LFLLC kept their decades of knowledge of sexual abuse in BSA (in the Explorer's Program and other programs run through the BSA) hidden from scouts, scouts' parents and guardians, troop leaders, other adult scout volunteers, troop committees, and sponsoring organizations (together, the "scouting community") and the general public.

87.     Upon information and belief, Defendants LOUISVILLE through LMPD, Flaherty, BSA, LHC, LFL, and LFLLC kept their knowledge of sexual abuse in the Explorer's Program hidden from Cadets, parents and guardians, staff leaders, other volunteers, troop committees, and sponsoring organizations which provided funding and at which the Plaintiff and other Cadets performed community service for the benefit of the Louisville Metro Police Department Explorer's Program and the general public.

88.     That the failure of Defendants to disclose their knowledge of sexual abuse in BSA and the Explorer's Program induced the Plaintiff to participate in the Explorer's Program.

89.     As a proximate result of said fraud, Plaintiff incurred the damages described herein.

**COUNT VII**
**FRAUDULENT CONCEALMENT-ALL DEFENDANTS**

90.     Plaintiff incorporates herein by reference each of the foregoing paragraphs as if fully copied and set forth below and further states:

91.     Upon information and belief, Defendants made material misrepresentations regarding the nature of the Explorer's Program, including but not limited to the extent of sexual abuse in the program.

23

92. Upon information and belief, the Defendants knew or should have known that these misrepresentations were false.

93. Upon information and belief, said misrepresentations were intended to induce Plaintiff and others to participate in the Explorer's Program.

94. Upon information and belief, said misrepresentations were intended to "protect the shield" and/or to continue to allow the Explorer's Program to operate without outside scrutiny, and to allow the officers to continue their actions.

95. Plaintiff reasonably relied on these misrepresentations in deciding to participate in the Explorer's Program.

96. Upon information and belief, Defendants purposely and/or fraudulently concealed such knowledge of incidents of sexual abuse Defendant Betts, other agents and/or servants, and, thereby tolled the running of any statutes of limitation upon the Plaintiff's claims in this action against Defendants under provisions of KRS § 413.190(2) and/or principles of equitable estoppel.

94. As a proximate result of said fraudulent concealment, Plaintiff incurred the damages described herein.

## COUNT VIII
## VIOLATION OF TITLE IX-20 U.S.C. § 1681(a)-HOSTILE EDUCATIONAL ENVIRONMENT AND SEX DISCRIMINATION-DEFENDANTS LOUISVILLE METRO, LHC, BSA, LFL AND LFLLC

95. Plaintiff incorporates herein by reference each of the foregoing paragraphs as if fully copied and set forth below and further states:

96. Plaintiff was subjected to physical sexual assault and sexual discrimination and that was so severe, pervasive and objectively offensive that he was denied access to educational opportunities and benefits.

24

97.    For Plaintiff, the Explorer's Club, which holds itself out as an educational program, became a sexually hostile environment where he was sexually assaulted by one of the adults who was supposed to be providing his educational career training relating to law enforcement. Additionally, Plaintiff suffered quid pro quo sexual harassment at the hands of his attacker, Defendant Betts.

98.    Defendants were deliberately indifferent to Plaintiff's known sexual assault and harassment and the sexually hostile educational environment in which he suffered as a result of their failure to institute reasonable safeguards in place to prevent sexual assault from occurring as well as remedying sexual assault. In fact, it is believed Defendants were aware of reports of sexual assault within the Explorer's Program years before Plaintiff was sexually assaulted yet failed to take appropriate action and were deliberately indifferent to reports of sexual assault perpetrated against other Explorers.

99.    As a result of Defendants' deliberate indifference, Plaintiff was deprived of educational opportunities and suffered damages within the Explorer's Program, which is believed, is subject to Title IX due to the fact that it likely receives federal funding.

100.    Because of the ongoing sexually hostile environment that Defendants deliberately failed to address, Plaintiff suffered losses of educational opportunities and benefits along with injuries, damages and losses.

101.    Plaintiff respectfully demands judgment against Defendants awarding damages in amounts to be established at trial, including, without limitation damage for deprivation of equal access to the educational benefits and opportunities provided by Defendants and damages for past, present and future emotional pain and suffering, ongoing and severe mental anguish, loss of past, present and future enjoyment of life, loss of past, present and future employment opportunities,

pre-and post-judgment interest, costs and attorney's fees pursuant to 42 U.S.C. § 1988(b) and any other relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF 42 U.S.C. § 1983(a)-DEFENDANTS LOUISVILLE METRO, BETTS AND FLAHERTY

102.   Plaintiff incorporates herein by reference each of the foregoing paragraphs as if fully copied and set forth below and further states:

103.   Defendants, individually or in concert and/or together, committed acts under color of state law as alleged above, which deprived Plaintiff of his rights, privileges and immunities secured by the United States Constitution, or other applicable provisions of the United States Constitution, or state law rights and privileges found in Kentucky's Constitution and tort laws. Those deprivations included, by may not be limited to deliberate indifference to Plaintiff's right to privacy, his right to personal integrity, his right to be free from unwanted physical contact, his right to be free from unwanted intrusion upon his person, his right to be free from physical assault and battery and his right to be free from unwanted sexual contact.

104.   In the case of Defendant Betts, these violations were committed directly through one or more tortious acts as set forth above. In the case of Defendants LOUISVILLE and Flaherty, these violations were committed on the basis of Defendant LOUISVILLE's failure to properly screen Betts upon application to the department and/or on the basis of firsthand knowledge of Defendant Betts' patently illegal conduct, which conduct was being conducted and remained ongoing while he was an acting LMPD police officer. Defendant Flaherty failed to adequately supervise as well as discipline Defendant Betts when he learned of possible sexual abuse being committed by Defendant Betts in the Explorer's Program. Defendant LOUISVILLE as the municipality, explicitly or implicitly authorized, approved or knowingly acquiesced to the clearly

26

unconstitutional actions and conduct of their employee, Defendant Betts, and acted with deliberate indifference to the rights of Plaintiff, and the offending acts perpetrated against him by Defendant Betts. Together or in the alternative, in the case of Defendant LOUISVILLE, Defendants Betts, and Defendant Flaherty, individually and in their official capacities, committed various violations which were the result of a written or unwritten policy, custom or practice on the part of Defendant LOUISVILLE and Defendant Flaherty which were the "moving force" behind and which resulted in Plaintiff's constitutional injury, including but not necessarily limited to a failure to adequately train, or adequately supervise Defendants Betts, or investigate Defendant Betts or complaints made by the public, or other officers, and failure to report, remedy and prevent sexual abuse in the Explorer's Program which amounted to deliberate, reckless or callous indifference by Defendant LOUISVILLE and Defendant Flaherty.

105.    As a direct and proximate result of Defendants' violations of Plaintiff's civil and Constitutional rights as stated above, Plaintiff has suffered and incurred consequential, actual and compensatory damages.

106.    Defendants' violations of Plaintiff's clearly established civil and Constitutional rights as stated above were a substantial factor in causing Plaintiff to suffer great pain of body and mind, physical and mental injuries, lost wages or earnings, medical expenses, past and future, and the impairment of his ability to earn money in the future.

107.    Defendants acted intentionally, maliciously, or with reckless disregard or callous indifference to the rights of Plaintiff and are liable for punitive damages.

108.    No reasonable governmental official could have believed his or her actions were lawful in light of clearly established law.

## COMPENSATORY DAMAGES

109.    Plaintiff incorporates herein by reference each of the foregoing paragraphs as if fully copied and set forth below and further states:

110.    As a direct and proximate result of Defendants' conduct as described above, Plaintiff has incurred or may incur medical and/or counseling expenses, suffered severe, permanent emotional distress, and will continue to incur such expenses and emotional injuries in the future, all to the damages of Plaintiff, which exceeds the jurisdictional minimum of this court.

111.    As a direct and proximate result of the conduct of the Defendants as set forth herein above, the Plaintiff has incurred and will continue to incur the loss of the power to labor and earn, has incurred and will continue to incur expenses for psychological care and treatment, all to the damage of Plaintiff which exceeds the jurisdictional minimum of this court.

## PUNITIVE DAMAGES

112.    Plaintiff incorporates herein by reference each of the foregoing paragraphs as if fully copied and set forth below and further states:

113.    Defendants acted with oppression, fraud, malice, reckless, callous and/or flagrant indifference in relation to Plaintiff.

114.    By acting with oppression, fraud, malice, reckless, callous and/or flagrant indifference to the Plaintiff, Defendants caused irreparable harm to the Plaintiff for which punitive damages are appropriate (in relation to the above-referenced claims where punitive damages are possible).

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, demands judgment against all named Defendants, jointly and severally, in an amount to be determined by a jury for:

28

A.    A monetary judgment against Defendants in an amount that will fully compensate Plaintiff for his injuries and damages;

B.    A judgment of appropriate punitive damages against Defendants, in an amount sufficient to punish the Defendants for their willful, wanton, oppressive, fraudulent, malicious, callous and/or grossly negligent conduct;

C.    His costs herein expended including reasonable attorneys' fees, pursuant to CR 3.02, CR 54.04 and 42 U.S.C. § 1988(b);

D.    An award of post-judgment interest in the amount allowed by statute;

E.    Trial by jury of all issues so triable;

F.    His emotional distress, past, present and future;

G.    His humiliation past, present and future;

H.    His embarrassment and mental anguish past, present and future;

I.    Back pay, lost wages, front pay, and/or impairment of power to earn money;

J.    Past and future medical expenses; and

K.    His pain and suffering.

WHEREFORE, the Plaintiff demands judgment against the Defendants and the agents, employees and/or servants of each Defendant, respectively, jointly and severally, for compensatory and punitive damages, his costs expended herein, including attorneys' fees, trial by jury on all issues so triable; and any and all further legal and equitable relief to which he may appear entitled.

29

Respectfully submitted,


/s/ Tad Thomas
**TAD THOMAS**
**LINDSAY CORDES**
**Thomas Law Offices**
9418 Norton Commons Blvd., Ste. 200
Louisville, Kentucky 40059
(502) 688-5051
serviceofprocess@thomaslawoffices.com
*Counsel for the Plaintiff, E.B.*

30

## VERIFICATION

I, E.B., do hereby certify that the information provided above in the Verified Complaint is true and correct to the best of my knowledge.

_____
E.B.

_____
DATE  2/16/18


COMMONWEALTH OF KENTUCKY

COUNTY OF Jefferson

Sworn and subscribed before me by E.B. on this 16 th day of February, 2018.

_____
NOTARY PUBLIC, STATE AT LARGE

My Commission Expires: 2/4/2020

