UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

|  |  |
|---|---|
|  | Plaintiff |
| B.L. |  |
| v. | Civil Action No. 3:18-cv-000151-RGJ-CHL |
| BRADLEY SCHUHMANN, *et al.* | Defendants |

***

|  |  |
|---|---|
| A.S. | Plaintiff |
| v. | Civil Action No. 3:18-cv-000152-RGJ |
| LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT., *et al.* | Defendants |

***

|  |  |
|---|---|
| K.W. | Plaintiff |
| v. | Civil Action No. 3:18-cv-000153-RGJ |
| KENNETH BETTS., *et al.* | Defendants |

***

|  |  |
|---|---|
| N.C. | Plaintiff |
| v. | Civil Action No. 3:18-cv-000157-RGJ |
| BRANDON WOOD, *et al.* | Defendants |

***

|  |  |
|---|---|
| E.B. | Plaintiff |
| v. | Civil Action No. 3:18-cv-000158-RGJ |
| KENNETH BETTS, *et al.* | Defendants |

1

\*\*\*

F.A.                                                                              Plaintiff

v.                                                          Civil Action No. 3:18-cv-000176-RGJ

KENNETH BETTS, *et al.*                                                            Defendants

\*\*\*

C.F.                                                                              Plaintiff

v.                                                          Civil Action No. 3:18-cv-000306-RGJ

KENNETH BETTS., *et al.*                                                           Defendants


* * * * *

## ORDER

This matter is before the Court on the Plaintiffs' motions for leave to proceed under a pseudonym in the above captioned cases, the Defendants' motions to file their notices of removal under seal in the above captioned cases,[1] and on the Court's *sua sponte* motion to consolidate the above captioned cases pursuant to Federal Rule of Civil Procedure 42(a). For the reasons set forth below, the Court **GRANTS** the Plaintiffs' motions for leave to proceed under a pseudonym**, DENIES** the Defendants' motions to seal their notices of removal, and **GRANTS** the motion to consolidate the above-captioned cases for purposes of discovery and pretrial practice. Whether the above-captioned cases should be consolidated for trial is reserved for later ruling. Finally, the Court will set this matter for an in-person status conference.

---

[1] Motions to seal the notices of removal have been filed by Defendants in all of the above captioned pending cases, except for 3:18-cv-00157, *N.C. v. Brandon Wood, et al*. and 3:18-cv-00158, *E.B. v. Kenneth Betts, et al*.

## I.   BACKGROUND

Pending before the Court are seven separate cases arising out of alleged sexual abuse of individuals while participating in the Louisville Metro Police Department's career education program known as the "Explorer Program."  Five of the cases were removed to federal court on March 12, 2018, from Jefferson Circuit Court, as follows:

1.  3:18-cv-00151, *B.L. v. Bradley Schuhmann, et al*. ("Case 151");

2.  3:18-cv-00152, *A.S. v. Louisville/Jefferson County Metro Government, et al.* ("Case 152");

3.  3:18-cv-00153, *K.W. v. Kenneth Betts, et al.* ("Case 153");

4.  3:18-cv-00157, *N.C. v. Brandon Wood, et al*. ("Case 157");

5.  3:18-cv-00158, *E.B. v. Kenneth Betts, et al*. ("Case 158").

A sixth case was removed to federal court on March 21, 2018 from Jefferson Circuit Court, as follows:

6.  3:18-00176, *F.A. v. Kenneth Betts, et al*. ("Case 176").

On April 25, 2018, each of these six cases was transferred from other judges within the District to this judge.

The seventh case was removed to federal court on May 16, 2018 from Jefferson Circuit Court, as follows:

7.  3:18-cv-00306, C.*F. v. Kenneth Betts, et al*. ("Case "306").

The seventh case was reassigned from another judge within this district to this judge on June 20, 2018.  Thus, all seven cases are now pending before this Court.

a.      Some cases were sealed in state court.

When these cases were filed in Jefferson Circuit Court, the plaintiffs in all but two of the cases moved to seal the actions pursuant to KRS 413.249. KRS 413.249(3) provides that complaints containing allegations of childhood sexual abuse more than 10 years prior[2] to the date the action commenced shall be accompanied by a motion to seal the record and the complaint shall be immediately sealed by the clerk of court. Further, the complaint remains sealed per KRS 413.249(3) until the court rules on: 1) the motion to seal, 2) any motion to dismiss filed under CR 12.02, or 3) any motion to seal filed by the defendant where the defendant has filed answer or raised a valid defense that will be presented on a motion for summary judgment. Cases 157 and 158 were not sealed in Jefferson Circuit Court and remain unsealed presumably because the allegations of those complaints did not trigger the initial sealing required by KRS 413.249(3). The remainder of the cases were sealed in the Jefferson Circuit Court.

Upon removing Cases 151, 152, 153, 176, and 306 to federal court, the Defendants moved to file their notices of removal under seal stating that "Plaintiff sought to have the record sealed pursuant to KRS 413.249. While Defendants contest whether KRS 413.249 is applicable, the matter is currently sealed in state court." *See* [DE 3] in Case 151, [DE 3] in Case 152, [DE 3] in Case 153, [DE 3] in Case 176, and [DE 2] in Case 306. Each of the matters has been provisionally sealed since being removed to federal court except for Cases 157 and 158 as neither were sealed at the state court. In Case 151, the Honorable Colin H. Lindsay, United States Magistrate Judge, ordered that the motion to seal [DE 3] be denied, but that the matter remain provisionally sealed pending further order from the Court. *See* [DE 36] in Case 151. In Case 152, Defendants' Motion

---

[2] KRS 413.249(3) was amended in 2017 to change the stated timeframe in subpart (3) from "five (5) years" to ten (10) years."

to Seal was granted [DE 5]. Thus, the Defendants' motions to seal remain pending in Cases 153, 176, and 306.

   b. The claims and parties.

Each of the seven cases was brought by Plaintiffs who claim to be former participants in the Explorer Program. The Plaintiffs have brought nearly identical claims against nearly identical parties with a few exceptions. Specifically, each of the Plaintiffs has brought a claim against Defendant Kenneth Betts ("Betts"), a police officer, for assault/sexual assault/harassment and battery, except for the Plaintiff in Case 151, who brought the same claim against police officer and Defendant Bradley Schuhmann ("Schuhmann"), and the Plaintiff in Case 157, who brought this claim against both Defendant Betts and police officer and Defendant Brandon Wood ("Wood").

All Plaintiffs bring claims for vicarious liability and negligent hiring, entrustment, training, supervision, and/or retention, against the same parties: Defendant Curtis Flaherty ("Flaherty"), an alleged supervisor in the Explorer Program, Defendant Betts, the City of Louisville/Jefferson County/Louisville Consolidated Government ("Louisville"), Defendant Learning for Life, Inc. ("LFL"), Defendant Learning for Life Lincoln Chapter, Inc. ("LFLLC"), Defendant Boy Scouts of America ("BSA"), and Defendant Lincoln Heritage Council, Inc., Boy Scouts of America ("LHC"). The Plaintiffs in each of the seven cases likewise brings claims against these same Defendants for intentional infliction of emotional distress, negligence, fraud by omission/duty to disclose, and fraudulent concealment.[3]

---

[3] There are also several officers that appear in one or more instance. For example, in Case 151, Defendant police officers Schuhmann, Wood, Matthew Gelhausen ("Gelhausen"), and Julie Schmidt ("Schmidt") are also parties to the claims for vicarious liability and negligent hiring, entrustment, training, supervision, and/or retention. In Case 153, Defendants Wood, Schmidt, and officer Paul Brandon Paris ("Paris") are additional parties to the foregoing claims. In Case 176, Defendants Wood, and police officer Casey Scott ("Scott") are parties to the foregoing claims. Defendant Wood is also a party to these claims in Case 306.

Each case, except for Case 158, includes a claim for failure to report and childhood sexual assault and abuse under KRS 413.249 against all the Defendants named in the specific case. All cases except two, Cases 158 and 176, include a claim for age and gender discrimination under state and federal statutes against Defendant Louisville Metro Government. All the cases allege a claim for hostile educational environment and sex discrimination under federal statute. Finally, all the cases bring a claim under 42 U.S.C. § 1983(a) against Louisville, Flaherty, and Betts, as well other individual police officer defendants as named in each specific case.

> c.        The pending motions to dismiss.

Each of the Defendants has filed motions to dismiss in each of the seven cases, the grounds upon which include, but are not limited to, statute of limitations, governmental immunity, and other insufficient pleading arguments, which are virtually identical in each matter. An exception is Case 306, where the Jefferson Circuit Court had previously ruled on motions to dismiss similar to those currently pending in the other actions. Only Defendants LHC and BSA have filed a motion to dismiss in Case 306 and the grounds are the same as the motions to dismiss filed in the other actions.

## II.    PROCEEDING UNDER PSEUDONYM

Plaintiffs seek leave to proceed under pseudonyms. *See* [DE 40] in Case 151, [DE 20] in Case 152; [DE 25] in Case 153, [DE 30] in Case 157; [DE 29] in Case 158; [DE 24] in Case 176; [DE 14] in Case 306. The Federal Rules of Civil Procedure require that actions generally be brought in the name of the real party in interest. FED. R. CIV. P. 10(a), 17(a)(1). This requirement applies equally to civil actions removed from state court. *Id.* at 81(c)(1).

In some cases, the Court may grant a protective order allowing a plaintiff to litigate under a pseudonym. To obtain a protective order, a plaintiff must show that her "privacy interests

substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Several considerations guide this determination, including: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels the plaintiff to disclose an intention to violate the law; and (4) whether the plaintiff is a child. *Id.*; *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 636 (6th Cir. 2005). Considering these factors, leave to proceed under a pseudonym is discretionary with the Court. *Endangered v. Louisville/Jefferson Cty. Metro Gov't Dep't of Inspections*, 2007 WL 509695, at *1 (W.D. Ky. Feb. 12, 2007) (citing *Porter*, 370 F.3d at 560).

In this case, Plaintiffs show compelling reasons to proceed anonymously. Their claims— that law enforcement officers sexually abused them, failed to protect them from abuse, and/or failed to report the abuse to government officials—clearly challenge governmental activity. And the nature of the claims would clearly require Plaintiffs to disclose information "of the utmost intimacy." The cases are currently sealed in state court, and alleged victims of sexual abuse have a recognized interest in protecting their privacy. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315-18 (11th Cir. 2011); *Lambert v. Hartman*, 517 F.3d 433, 441 (6th Cir. 2008) (citing *Bloch v. Ribar*, 156 F.3d 673, 683-86 (6th Cir. 1998)). Requiring Plaintiffs to proceed under their names would frustrate that interest.

Finally, although Plaintiffs have reached the age of majority, most were minors when the alleged abuses occurred. The Sixth Circuit has held that this factor is meant to protect "very young children." *Porter*, 370 F.3d at 561 (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). *See also D.E. v. John Doe*, 834 F.3d 723, 728-29 (6th Cir. 2016) (holding that the district court did not abuse its discretion in denying the plaintiff's motion for a protective order because, among other

factors, he reached the age of majority before filing suit).  Defendants suggests that this factor disadvantages Plaintiffs and requires denial of their Motions.  [*See, e.g.*, DE 10, Wood Mot. Dismiss at 6-9].  But a plaintiff's age is but one factor "in the matrix of considerations arguing for anonymity." *Stegall*, 653 F.2d at 186.  The other *Porter* factors and interests of the parties, considered together, significantly outweigh concerns about Plaintiffs' ages at the time of suit. For these reasons, the Court will grant the Plaintiffs' motions for leave to proceed under pseudonyms.

### III.    SEALING THE CASES

While Cases 151, 152, 153, 176 and 306 were provisionally sealed when they were removed from state court, no party has filed a motion to seal the entire action. Defendants state in their pending motions to seal their notices of removal that "[u]pon filing this Complaint, Plaintiff sought to have the record sealed pursuant to KRS 413.249.1 *While Defendants contest whether KRS 413.249 is applicable*, the matter is currently sealed in state court."  KRS 413.249 states in relevant part as follows:

> If a complaint is filed alleging that an act of childhood sexual assault or childhood sexual abuse occurred more than ten (10) years prior to the date that the action is commenced, the complaint shall be accompanied by a motion to seal the record and the complaint shall immediately be sealed by the clerk of the court. The complaint shall remain sealed until:
>
> (a)    The court rules upon the motion to seal;
>
> (b)    Any motion to dismiss under CR 12.02 is ruled upon, and if the complaint is dismissed, the complaint and any related papers or pleadings shall remain sealed unless opened by a higher court; or
>
> (c)    The **defendant** files an answer and a motion to seal the record upon **grounds that a valid factual defense exists**, to be raised in a motion for summary judgment pursuant to CR 56. The record shall remain sealed by the clerk until the court rules upon the defendant's motion to close the record. If the court grants the motion to close, the record shall remain sealed until the **defendant's** motion for summary judgment is granted. The complaint, motions, and other related papers or pleadings shall remain sealed unless opened by a higher court.

KRS 413.249(3)(emphasis added).  A reading of the preceding provision indicates the initial sealing of the record is intended for the benefit of the Defendants.  Here, the Defendants state in their motions that they contest that this statute applies. Furthermore, no party has moved to have the entire case sealed since actions were removed to federal court.  Therefore, no party has made the requisite showing sufficient to overcome the "strong presumption in favor of public access to federal court records." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.,* 834 F.3d 589, 590 (6th Cir. 2016).  Accordingly, the Court will deny the pending motions to seal the notices of removal, deny the motion to seal that was previously granted in Case 152 upon reconsideration, and order the sealed actions be unsealed.

## IV.  CONSOLIDATION

The Federal Rules of Civil Procedure provide that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."  FED. R. CIV. P. 42(a).  The Court has broad discretion in deciding whether to consolidate.  *Cantrell v. GAF Corp.,* 999 F.2d 1007, 1011 (6th Cir. 1993) (citing *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965)).  The Court considers the following factors in determining whether to consolidate:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell*, 999 F.2d at 1011, *citing to Hendreix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). The Court must ensure that the parties are not prejudiced by consolidation, but it is permitted as a matter of convenience and judicial economy. *Lewis v. ACB Business Serv., Inc.,*

9

135 F.3d 389, 412-13 (6th Cir. 1998). The Court may issue an order of consolidation on its own motion or by request of the parties. *Id.*, *citing to In re Air Crash Disaster at Detroit Metro. Airport*, 737 F.Supp. 391, 394 (E.D. Mich. 1989). "A district court can consolidate related cases under [Rule] 42(a) *sua sponte." See, e.g.*, *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir.1999) (citation omitted).

Here, the Court finds it appropriate to consolidate these cases for purposes of discovery and pretrial practice. As discussed above, a review the filings reveal similar claims, nearly identical parties, and substantially overlapping allegations, all of which arise out of alleged sexual abuse in connection with the Explorer Program. There will be overlap in discovery between all seven cases. Further, the Defendants have filed motions to dismiss on nearly identical grounds in all the seven cases, except for the few individual defendants that are not named in all seven actions and Case 306, as noted above. Thus, common questions of law and fact are at issue. Further, each of these seven actions has been transferred from other judges within this district and are now pending before the present Court. As a result, consolidating these cases will promote expeditious results, judicial economy, and will avoid inconsistent results by ensuring that these identical claims among all the same parties receive uniform attention from the Court. That accuracy would further serve the interests of justice, and there is little likelihood of prejudice to any party, where all the parties have their claims retained and progressing forward under the same discovery procedures. Accordingly, the Court will grant its motion to consolidate these matters for purposes of discovery and pretrial practice, while reserving the issue of consolidation for trial.

## V.   CONCLUSION

The Court, being otherwise and sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1.   Plaintiff B.L.'s Motion to Proceed Under Pseudonym and/or For Protective Order

in Civil Action No. 3:18-cv-00151, *B.L. v. Bradley Schuhmann, et al.*, [DE 40] is **GRANTED**.

2.  Plaintiff A.S.'s Motion to Proceed Under Pseudonym and/or For Protective Order in Civil Action No. 3:18-cv-00152, *A.S. v. Louisville/Jefferson County Metro Government, et al.*, [DE 20] is **GRANTED**.

3.  Plaintiff K.W.'s Motion to Proceed Under Pseudonym and/or For Protective Order in Civil Action No. 3:18-cv-00153, *K.W. v. Kenneth Betts, et al.*, [DE 25] is **GRANTED**.

4.  Plaintiff N.C.'s Motion to Proceed Under Pseudonym and/or For Protective Order in Civil Action No. 18-cv-00157, *N.C. v. Brandon Wood, et al.*, [DE 30] is **GRANTED**.

5.  Plaintiff E.B.'s Motion to Proceed Under Pseudonym and/or For Protective Order in Civil Action No. 3:18-cv-00158, *E.B. v. Kenneth Betts, et al.*, [DE 29] is **GRANTED**.

6.  Plaintiff F.A.'s Motion to Proceed Under Pseudonym and/or For Protective Order in Civil Action No. 3:18-00176, *F.A. v. Kenneth Betts, et al.*, [DE 24] is **GRANTED**.

7.  Plaintiff C.F.'s Motion to Proceed Under Pseudonym and/or For Protective Order in Civil Action No. 3:18-cv-00306, *C.F. v. Kenneth Betts, et al.*, [DE 14] is **GRANTED**.

8.  The Court's order [DE 5] granting the Defendants' Motion to Seal [DE 3] in Civil Action No. 3:18-cv-00152, *A.S. v. Louisville/Jefferson County Metro Government, et al.*, is **VACATED** upon *sua sponte* reconsideration of the motion and the Motion to Seal [DE 3] is **DENIED.**

9.  Defendants' Motion to Seal [DE 3] in Civil Action No. 3:18-cv-00153, *K.W. v. Kenneth Betts, et al.*, [DE 25] is **DENIED**.

10. Defendants' Motion to Seal [DE 3] in Civil Action No. *E.B. v. Kenneth Betts, et al.*, 3:18-00176 is **DENIED**.

11

11. Defendants' Motion to Seal [DE 2] in Civil Action No. Civil Action No. 3:18-cv-00306, *C.F. v. Kenneth Betts, et al.*, is **DENIED**.

12. Civil Action Nos. 3:18-cv-00151, *B.L. v. Bradley Schuhmann, et al.*, 3:18-cv-00152, *A.S. v. Louisville/Jefferson County Metro Government, et al.*, 3:18-cv-00153, *E.B. v. Kenneth Betts, et al.*, 3:18-cv-00176, *F.A. v. Kenneth Betts, et al.*, and 3:18-cv-00306, *C.F. v. Kenneth Betts, et al.*, shall be **UNSEALED** fifteen days from the entry of this Order.

13. The following pending motions to seal, which are unresolved by this Order, shall remain sealed pending ruling from the Court:

    a.  [DE 17], [DE 20], [DE 22], [DE 23], [DE 24], [DE 28], [DE 35], and [DE 38] in case 3:18-cv-00157, *N.C. v. Brandon Wood, et al.*;

    b.  [DE 8], [DE 18], [DE 19], [DE 20], [DE 24], [DE 27], [DE 31, and [DE34] in case 3:18-cv-00158, *E.B. v. Kenneth Betts, et al.*

14. **Within ten days of the entry of this Order,** the parties shall notify the Clerk's Office and refile any documents previously filed in the record that contain information required to be redacted pursuant to this Order and/or Federal Rule of Civil Procedure 5.2.

15. Civil Action Nos. 3:18-cv-00151, *B.L. v. Bradley Schuhmann, et al.*, 3:18-cv-00152, *A.S. v. Louisville/Jefferson County Metro Government, et al.*, 3:18-cv-00153, *K.W. v. Kenneth Betts, et al.,* 3:18-cv-00157, *N.C. v. Brandon Wood, et al.*, 3:18-cv-00158, *E.B. v. Kenneth Betts, et al.*, 3:18-00176, *F.A. v. Kenneth Betts, et al.*, and 3:18-cv-00306, *C.F. v. Kenneth Betts, et al.*, shall be **CONSOLIDATED** fifteen days from the entry of this Order for discovery purposes and all further pretrial purposes pursuant to Federal Rule of Civil Procedure 42(a).  The question

12

of whether the actions should be consolidated for trial is reserved for later ruling. Civil Action No. 3:18-cv-00151, *B.L. v. Bradley Schuhmann, et al.*, is the senior action and shall be the **LEAD** case.

16. Civil Action Nos. 3:18-cv-00152, *A.S. v. Louisville/Jefferson County Metro Government, et al.*, 3:18-cv-00153, *K.W. v. Kenneth Betts, et al.,* 3:18-cv-00157, *N.C. v. Brandon Wood, et al.*, 3:18-cv-00158, *E.B. v. Kenneth Betts, et al.* (case "158"), 3:18-00176, *F.A. v. Kenneth Betts, et al.*, and 3:18-cv-00306, *C.F. v. Kenneth Betts, et al.*, are **ADMINISTRATIVELY DISMISSED**. All filings in the dismissed cases shall be incorporated by reference as part of the lead case, and the dismissed case files shall be made part of the lead case file.

17. The Clerk of Court shall add the following Plaintiffs' pseudonyms to the name of the lead case: Plaintiff "A.S."; Plaintiff "K.W."; Plaintiff "N.C."; Plaintiff "E.B."; Plaintiff "F.A."; Plaintiff "C.F."

18. Upon consolidating the cases pursuant to paragraph 15, the Clerk of Court shall copy all pending motions, including but not limited to those listed below, as well as any motions filed after the entry of this Order, and all related responses, replies, and filings, into the **LEAD** case, 3:18-cv-00151, *B.L., v. Schuhmann, et al.*,:

    a.    Pending motions in 3:18-cv-00152, *A.S. v. Louisville/Jefferson County Metro Government, et al.*: [DE 8], [DE 9], [DE 10], [DE 11], [DE 16] and [DE 21];

    b.    Pending motions in 3:18-cv-00153, *K.W. v. Kenneth Betts, et al.*: [DE 6], [DE 7], [DE 8], [DE 9], [DE 10], [DE 11], [DE 12], [DE 13], [DE 21], [DE 28], [DE 29], and [DE 33];

    c.    Pending motions in 3:18-cv-00157, *N.C. v. Brandon Wood, et al.*: [DE 6], [DE 7], [DE 8], [DE 9], [DE 13], [DE 17], [DE 19], [DE 20], [DE 22], [DE 23], [DE 24], [DE 28], [DE 31], [DE 34], [DE 35], and [DE 38];

    d.    Pending motions in 3:18-cv-00158, *E.B. v. Kenneth Betts, et al.*: [DE 4], [DE 6], [DE 7], [DE 8], [DE 10], [DE 12], [DE 18], [DE 19], [DE 20], [DE 22], [DE 24], [DE 27], [DE 30], [DE 31], and [DE 34];

    e.    Pending motions in 3:18-00176, *F.A. v. Kenneth Betts, et al.*: [DE 5], [DE 6], [DE 7], [DE 8], [DE 9], [DE 12], [DE 19], [DE 27], [DE 28], and [DE 32];

    f.    Pending motions from 3:18-cv-00306, *C.F. v. Kenneth Betts, et al.*: [DE 6], [DE 7], [DE 8], [DE 9], [DE 10], [DE 11], [DE 13] and [DE 23].

19. This matter is assigned for an in-person **status conference on September 27, 2018 at 1:30 P.M.** before Judge Rebecca Grady Jennings at the Gene Snyder United States Courthouse, Louisville, Kentucky.

20. Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter is hereby **REFERRED** to the Honorable Colin H. Lindsay, United States Magistrate Judge, for resolution of all non-dispositive matters, including discovery disputes. Judge Lindsay is authorized and empowered to conduct a settlement conference in this matter at any time should counsel indicate that a conference would be helpful in resolving the issues. Counsel shall jointly contact Judge Lindsay's case manager, Ms. Theresa Burch at theresa_burch@kywd.uscourts.gov to schedule the conference when so needed.

Rebecca Grady Jennings, District Judge
United States District Court

August 14, 2018

cc:     Counsel of Record

        Case Manager to United States Magistrate Judge Lindsay